## IRVING v. FORT WORTH STATE BANK.*
(No. 493-3892.)

(Commission of Appeals of Texas, Section A. Dec. 20, 1923.)

**1. Trial ⬙234(7)—Instruction held not to shift burden of proof.**

In an action for conversion of alleged community property, a charge that the burden was on plaintiff to establish the allegations entitling him to recover, but that defendant must show that plaintiff's wife had separated or obtained a divorce from him and had the right of control and disposition of the property or that plaintiff had done acts which would reasonably lead a person of ordinary prudence to believe that such was the case, *held* not erroneous, so far as it was applicable to the facts, as shifting the burden of proof.

**2. Husband and wife ⬙270(8)—Burden of proof in action for conversion of community property.**

In an action by a husband against wife's transferee for conversion of community property, plaintiff had the burden only of showing that the property was acquired by the joint efforts of himself and wife, and defendant then had the burden of proving its allegations that plaintiff had conveyed his interest to his wife and was estopped to deny the validity of such conveyance.

**3. Husband and wife ⬙270(9)—Instruction in action for conversion of community property held confusing.**

In an action for conversion of alleged community property pledged by plaintiff's wife, where defendant pleaded that plaintiff's wife had represented that she and her husband had been divorced and that she was single, an instruction that defendant must show that plaintiff and his wife had separated, and that she had the right of control, management, and disposition of the property in question, etc., *held* confusing and erroneous.

**4. Husband and wife ⬙270(9)—Instruction in action for conversion of community property improperly denied.**

In an action against a bank for conversion of alleged community property pledged by plaintiff's wife as security for a loan, an instruction that plaintiff could not recover damages for two diamond rings which were the individual property of plaintiff's wife *held* erroneously denied.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by C. A. Irving against the Fort Worth State Bank. Judgment for plaintiff was reversed and remanded by the Court of Civil Appeals (241 S. W. 277), and plaintiff brings error. Judgment in Court of Civil Appeals affirmed.

Sam J. Hunter and Dee Estes, both of Fort Worth, for plaintiff in error.

Wm. J. Berne, of Fort Worth, for defendant in error.

BISHOP, J. Plaintiff in error, C. A. Irving, filed this suit against defendant in error, Fort Worth State Bank, alleging in his petition that on August 5, 1918, defendant in error unlawfully converted to its own use and benefit certain household goods and furniture and two diamond rings; that at the time of said conversion said goods were community property of plaintiff in error and his wife, Evelyn Irving, who were married to each other December 17, 1913; and praying for damages for the value of the goods so converted.

Defendant in error answered by general denial, and also pleaded specially that on December 18, 1917, Mrs. Irving, the wife of plaintiff in error, represented to it that she was single and had been divorced; that she was the owner of said property; that believing said representations to be true and relying thereon, defendant in error made a loan to her of $2,140, taking her note therefor; that to secure said loan she executed a mortgage to said bank wherein she conveyed to it said household goods and furniture, and, at the same time, as a pledge to secure said debt, she delivered to it said property and also one diamond ring; that thereafter, on June 26, 1918, after maturity of said note, on Mrs. Irving's promise to pay interest on same, the defendant in error, bank deferred proceedings to collect the note and received from her, as additional security, two diamond rings which she represented belonged to her alone; that all of said prop-

───────────────────────────────

⬙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied January 23, 1924.

erty was the separate property of Mrs. Irving; that on February 25, 1917, plaintiff in error, in writing, conveyed to Mrs. Irving his interest in all community property; that before the bank loaned Mrs. Irving said money, she informed it of the execution of this conveyance and delivered to it a true copy thereof; that when Mrs. Irving first opened an account with said bank, same was in the name of plaintiff in error and herself jointly; that thereafter, and prior to said loan, and at the instigation of herself and plaintiff in error, the account was changed to the name of Mrs. Irving alone, and the money then on hand, and all money subsequently deposited, was placed to the credit of Mrs. Irving alone, and was paid out on checks signed by her alone, and the account thus stood when the loan was made; that by reason of the facts so alleged, plaintiff in error is estopped to deny the validity of the transfer to Mrs. Irving of his community interest in said property, and to claim that the mortgage and pledges were invalid.

The case was tried before a jury resulting in a verdict and judgment for plaintiff in error for $4,350, which was by the Court of Civil Appeals reversed and the cause remanded.

In charging the jury the court gave the following:

"The burden is upon the plaintiff to establish by a preponderance of the evidence the allegations entitling him to recover herein, and the amount of damages, if any, which he has sustained. The burden, however, is upon the defendant, Fort Worth State Bank, to show by a preponderance of the evidence that the plaintiff C. A. Irving and his wife, Evelyn Irving, had separated, and that she had the right of control, management, and disposition of the property in question, or that the plaintiff had done those acts which came to the knowledge of the officers of the bank which would reasonably lead or cause a person of ordinary prudence to believe that such separation had occurred, or that said Evelyn Irving at said time or times was, within the meaning of the law, a single woman—that is, had obtained a divorce from her husband, the plaintiff herein—and that it acted in good faith upon such knowledge or belief in lending to her any amount or amounts of money, and in accepting from her any mortgage or pledge upon the property in controversy."

The Court of Civil Appeals held the giving of this charge error for two reasons: First, because it shifted the burden of proof from plaintiff in error, and required defendant in error to assume the burden of proving facts which it was necessary for plaintiff in error to both allege and prove, before he would be entitled to recover; and, second, because the charge as given was confusing.

[1] As far as this charge was applicable to the facts pleaded and proved, it does not shift the burden of proof. The plaintiff in his petition alleged that the property for damages for the conversion of which he sued was community property of himself and wife; that if his wife had mortgaged the property to defendant in error, bank, she was not authorized by him to do so, defendant in error had no right to appropriate said property under said mortgage. The defendant in error alleged that on February 25, 1917, plaintiff in error conveyed to his wife his interest in all his community property, which included the property involved in this suit; that thereafter the loan was made to his wife and she executed the mortgage; that at the time of its execution she represented to defendant in error that she had been divorced from her husband; that it made her the loan in relying on her statements, this conveyance, and his and her conduct in regard to their bank account, and believing her statements to be true and said conveyance to be valid; and contended that plaintiff in error was estopped from claiming that the conveyance was invalid.

The evidence shows that the property was all acquired by plaintiff in error and his wife since their marriage; that about February 25, 1917, they had a quarrel, and Mrs. Irving sued plaintiff in error for divorce, and he executed to her the following:

"I, C. A. Irving, hereby, in view of our separation and divorce settlement, accept one hundred dollars in full settlement of any and all interests to any and all community property, including bank account, and sign inclosed waiver waiving appearance in the divorce proceeding. This February 25, 1917."

He shortly thereafter went to Tulsa, Okl. She followed in a few days, and they had a reconciliation in which they discussed their troubles and also this conveyance, and she told him, "What is mine is yours." She also states that they canceled "that affair" without making it clear whether she meant their differences or the conveyance, or whether she meant both.

To sustain its holding that this charge shifted the burden of proof, the court cited Boswell v. Pannell, 107 Tex. 433, 108 S. W. 593. This cited case does not sustain the holding here made. We quote from the syllabus as follows:

"Though plaintiff's right to recover in an action to cancel a deed for fraud may depend on proof of notice to a subsequent purchaser, and the burden thereof rest upon him, yet where defendant does not rest merely on a general denial, but pleads affirmatively his defense of innocent purchaser, thus entitling him to an affirmative instruction submitting that defense, he can not complain that in charging thereon the court treats the burden of proof on such defense as resting on him and requiring him to establish his want of notice by preponderance of evidence."

[2] We think in this case, under the pleadings, the plaintiff in error had only the burden of showing that the property was acquired by the joint efforts of himself and wife, thereby raising the legal presumption that same was community property, and that defendant in error, having in his answer pleaded that plaintiff in error had conveyed his interest in the community to his wife, and also that he was estopped to deny the validity of such conveyance, had the burden of proving both issues so tendered by him.

[3] However, we think the Court of Civil Appeals should be sustained in its holding that this charge is confusing. The trial court charged the jury that the burden was on defendant in error to show that plaintiff in error "C. A. Irving and his wife, Evelyn Irving, had separated, and that she had the right of control, management, and disposition of the property in question." Defendant in error did not plead that they were or had been separated. There was no such issue tendered by it, or raised in the evidence. It did allege that in securing the loan Mrs. Irving represented to it that she and her husband had been divorced, and that she was single, and by such representation misled it and induced it to grant the loan. But it did not allege, nor contend, that they had been divorced, nor that they had separated. Its allegation is that it was deceived by her false representations. The court also charged the jury that the burden was on defendant in error to show that Mrs. Irving was a single woman and had obtained a divorce from her husband. It is true these matters are charged disjunctively. But in our opinion they were well calculated to, and probably did, mislead and confuse the jury. They could certainly have no other effect. It is impossible that these instructions, on questions raised by neither the pleadings nor the evidence, could have assisted the jury in arriving at a just verdict in the case.

[4] We are also of opinion that the trial court, on request of defendant in error, should have instructed the jury that plaintiff in error could not recover damages for the two diamond rings given to Mrs. Irving by L. L. Beard, and delivered by her to plaintiff in error. The evidence shows that these rings were no part of the community property of plaintiff in error and his wife, but were her separate property.

We recommend that the judgment of the Court of Civil Appeals reversing and remanding the case be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will·be entered as the judgment of the Supreme Court.