Lucille WATSON, Independent Executrix,
Appellant,

v.

W. W. BEATY, Administrator, Appellee.

No. 3822.

Court of Civil Appeals of Texas.

Eastland.

Sept. 13, 1963.

Rehearing Denied Oct. 4, 1963.

Beard, Kultgen & Beard, Waco, for appellant.

C. O. McMillan, J. F. Whisenant, Stephenville, for appellee.

GRISSOM, Chief Justice.

Lucille Watson, independent executrix of the estate of H. E. Watson, sued W. W. Beaty, administrator of the estate of Sarah Watson, for conversion of bonds. In a trial to the court, judgment was rendered for the defendant and the plaintiff has appealed.

The plaintiff alleged that H. E. and Sarah Watson were married in 1913; that they had no children; that H. E. Watson had two children by a prior marriage, Lucille Watson and Lorene Thompson; that H. E. and Sarah Watson remained married until his death in 1956 and that he left a written will bequeathing and devising to Sarah Watson a life estate in all of his property with remainder to Lucille Watson and Lorene Thompson and that Sarah Watson died intestate in 1957.

Plaintiff further alleged that during said marriage Sarah Watson gave some United States Savings Bonds to her relatives; that said bonds were purchased with community funds; that the purchase of said bonds and the making of said gifts was without the consent of H. E. Watson and had the effect of defrauding the community estate and constituted a conversion thereof. Wherefore, plaintiff sued for one-half the value of said bonds.

Appellant's first point is that the court erred in holding that the estate of H. E. Watson did not have an enforcible claim against the estate of Sarah Watson for half the value of the bonds. Appellant says there is no evidence the husband consented to the purchase or gift of the bonds; that there is no evidence of the source of the money used to purchase the bonds; that the only pertinent evidence available is that the bonds were bought and given away during the marriage. Appellant concludes from the fact that the bonds were purchased and given away during the marriage that it must

be presumed they were bought with community funds and, since they were purchased with community funds and, under Article 4619, Vernon's Ann.Civ.St., the wife had no power to dispose of them without the consent of her husband that the burden was upon appellee to prove the husband's consent. Appellant says that, in the absence of proof of the husband's consent, it must be presumed that the bonds were community property and, since the wife had no authority to give away community property she was guilty of converting them and, therefore, her estate is liable to the husband's estate for one-half the value of the bonds.

In support of appellant's contention that it must be presumed the bonds were bought with community funds she cites Sherman v. Roe, 153 Tex. 1, 262 S.W.2d 393, and Martin v. Moran, 11 Tex.Civ.App. 509, 32 S.W. 904. The latter case does not support the contention. In Sherman v. Roe, there was a suit upon a group insurance policy which insured the life of the husband. The wife was the beneficiary. The husband and wife were killed in a common disaster and it was unknown which survived the other. Judge Smedley did say (262 S.W.2d page 397)

"In our opinion it should be presumed that the payment of premiums by James Roe after his marriage to Edna I. Roe were made from community funds. State v. Jones, Tex.Civ.App., 290 S.W. 244, 250, reversed on other grounds Tex.Com.App., 5 S.W.2d 973; Martin v. Moran, 11 Tex.Civ.App. 509, 32 S.W. 904, 906. Further, the insurance was maintained by these payments and by his continuing to work as employee of the company insured by the group policy."

But, the court held that, by reason of the provision in Article 4619 that all effects the husband and wife "possess at the time the marriage may be dissolved", shall be regarded as common effects or gains, the proceeds of the policy should be deemed community effects. The insurance was maintained by payments of premiums and by the insured continuing to work as an employee of the company insured by the group policy. The wife was the beneficiary. In the absence of other evidence, under those circumstances, it may be reasonable to assume that the premiums were paid from community funds. But, whether the quoted statements should be treated as dicta or not, it does not necessarily follow that, under the circumstances of this case it should be presumed from the mere fact that during marriage the wife gave some bonds to her relatives that the bonds were purchased with community funds, without the consent of the husband and fraudulently converted by her. Such acts of the wife commenced seven years before the death of her husband.

By virtue of Article 4619, all effects "possessed by the husband and wife at the time the marriage is dissolved" by death must be regarded as community effect or gains in the absence of proof to the contrary. But, neither the bonds nor the money were possessed by the husband or wife at said time. Generally speaking, there is a presumption that property acquired during marriage is community property. There is no evidence that the money used to purchase the bonds was acquired during marriage. The evidence shows that most of the bonds were purchased and given away long before the death of her husband. Under these facts, why should it be presumed that the bonds belonged to the community? We think there can be no presumption that the wife acted without the consent of the husband and fraudulently converted a portion of the community estate. Therefore, the court properly decreed that the plaintiff take nothing.

The burden of proving the alleged fraudulent conversion was upon appellant. 26 Tex.Jur.2d 77, Section 111. If the money used to purchase the bonds did belong to the community the husband had the power to give it to the wife. In Buford v. Southwestern Life Insurance Company, Tex.Civ.App., 77 S.W.2d 318, 321, it was held that a husband could make a gift of community or·his separate property to the

wife and thereby make it the wife's separate property, and that where the property stood in her name, it was prima facie her separate property. There was no evidence that the money used to buy the bonds was acquired during marriage. See Irving v. Fort Worth State Bank, (Tex.Com.App.), 256 S.W. 584. It would be more reasonable to presume from mere proof of gift of the bonds during the marriage that they were purchased by funds from her separate estate or that the husband consented thereto than to presume that said gifts, which commenced seven years before the husband's death, were made from community property without his consent. See also Hall v. Barrett, Tex.Civ.App., 126 S.W.2d 1045, 1047; Emery v. Barfield, Tex.Civ.App., 156 S.W. 311, 313.

Appellant's second point is that the court erred in holding that it had no jurisdiction "if it did so hold." The case was not dismissed for want of jurisdiction. The judgment simply shows that a jury was waived; that all matters of law and fact were submitted to the court and that judgment was rendered that plaintiff take nothing.

The judgment is affirmed.