**W. Gordon WING, Appellant,**

**v.**

**HOUSTON NATIONAL BANK, Guardian of the Estate of George B. Meyer, N/C/M, Appellee.**

**No. 15001.**

Court of Civil Appeals of Texas.

Houston.

March 23, 1967.

Rehearing Denied April 13, 1967.

Charles Kipple, Houston, for appellant, Saccomanno, Clegg, Martin & Pinedo, Houston, of counsel.

Hall E. Timanus, Houston, for appellee, Andrews, Kurth, Campbell & Jones, Houston, of counsel.

BELL, Chief Justice.

This is an appeal from a summary judgment rendered in favor of appellee as Guardian of the Estate of George B. Meyer on a note executed by appellant on July 10, 1963, to River Oaks Bank & Trust Company. This note was in renewal of two notes aggregating in amount $189,000.00, one dated November 23, 1962 and one dated November 26, 1962. None of the notes was signed by Mrs. Loraine Meyer. These original two notes had previously been renewed and culminated in the execution of the note sued on. The note was assigned to the Guardian on January 24, 1964 after maturity, it paying the full amount of the principal and accrued interest. The principal of the note was $189,000.00. Judgment was for $256,264.02, which included principal, interest and attorney's fee.

To the appellee's petition appellant answered by general denial. Appellee then filed its unsworn motion for summary judgment. The motion was supported by a legally sufficient affidavit supporting the note, a Xerox copy of which was attached to the affidavit, and establishing all other facts necessary to support recovery as alleged in the petition.

Thereafter, and before hearing on the motion for summary judgment appellant filed an amended answer and attempted to support the allegations by his affidavit. The theory advanced was that Mrs. Loraine Meyer, the wife of appellee's ward, entered into a joint venture with appellant and her son, George B. Meyer II. George B. Meyer was later declared N. C. M.

The amended answer asserted that the indebtedness sued on originated when money was borrowed from the River Oaks Bank & Trust Co. Copies of the notes representing the loans are attached. One is in the amount of $88,000.00 and is dated November 26, 1962 and the other is in the amount of $101,000.00 and is dated November 23, 1962. Both notes are signed by appellant and George B. Meyer II. The note here recovered on was signed only by appellant though he asserts it was to have also been signed by George B. Meyer II and he did not know until after it matured that it

had not been so signed. The legal conclusion is then asserted that the loan evidenced by these two notes was obtained pursuant to a "joint venture" between appellant, George B. Meyer II, and Mrs. Loraine Meyer. Appellant pleads that at least one-half of the *proceeds of the loan* were distributed either to Loraine Meyer, wife of George B. Meyer, or George B. Meyer II as agent for Loraine Meyer. Appellant concludes from this that the appellee's ward therefore received the benefit of at least one-half of the proceeds and that he is, therefore, entitled to a "set-off" of one-half of the principal and interest. Appellant alleges the River Oaks Bank & Trust Company was charged with notice of the arrangement.

Appellant also filed an affidavit. In it he asserts that at the time he, George B. Meyer II and Mrs. Meyer entered into an agreement to borrow the money evidenced by the notes, Mrs. Meyer was the wife of George B. Meyer. He recites that they had "several discussions" concerning their intentions to enter into the aero-space business. George B. Meyer II was to, and did, act in these matters for his mother. Mrs. Meyer received "some of the proceeds of the loan to *reimburse her for advances she had already made to the joint venture*" as did appellant and George B. Meyer II. He then asserts that "several of the proposed companies were organized and the balance of the proceeds were used to purchase the capital stock and to provide additional working capital." After a short time the companies became insolvent. George B. Meyer II acted as director and an officer in the companies. It was asserted that Mrs. Meyer and her *son borrowed* from George B. Meyer 5,033 shares of Houston National Bank stock to use as collateral for the loan. "The proceeds of the loan went into our checking account * * * upon which George B. Meyer II and I both signed." Attached to appellant's affidavit were certain cancelled checks. One check was dated November 27, 1962, and was payable to Loraine M. Meyer in the amount of

$18,000.00. It was signed by appellant and George B. Meyer II. Noted on it is "Return of Funds". There is another check of the same date to George B. Meyer II in the amount of $25,000.00, signed by appellant and the payee. What it is for is not shown. We may assume, in the light of other allegations, that appellant contends the son received this for his mother as further reimbursement for advances made by her. On the same date there is a check to appellant for $25,000.00 and on it is the notation "Repayment of loan—$19,000.00—Advance $6,000.00." There are two checks of the same date to George V. Lister, Jr., one for $15,000.00 and one for $500.00. One is marked "Return of funds" and the other is marked "Additional return of funds—interest". There are some other checks payable to other persons. We fail to see any significance in them.

■ Appellant first urges that his allegations in the answer concerning set-off are admitted because appellee filed no reply. A general denial, sufficient here to join issue on appellant's allegations, is furnished by Rule 82, Texas Rules of Civil Procedure.

Appellant filed a motion for new trial setting up, among other things, newly discovered evidence. The newly discovered evidence consisted of a petition of Loraine M. Meyer, consented to, according to the allegations of the petition and recital in the judgment, by her husband, to have her disabilities of coverture removed for mercantile and trading purposes, and the judgment removing such disability. The petition was filed and the judgment rendered and signed November 27, 1962.

Appellant, for reversal, in addition to the failure of appellee to deny the facts asserted by appellant allegedly entitling him to a set-off, asserts that his answer and supporting affidavit raise a fact issue concerning the benefits received by George B. Meyer by reason of the payments to Mrs. Meyer, and also that a fact issue was raised as to the amount of such payments. His

846

contention rests on the assertion that property received during the marriage is presumptively community and therefore the payments to Mrs. Meyer were presumptively to the community, and thus George B. Meyer would have received a benefit from the funds evidenced by the note sued on and this was a discount or set-off to which appellant would be entitled.

The basic fallacy in appellant's contention is that the money paid to Mrs. Meyer was presumptively community property. We think under the facts alleged in appellant's answer and his affidavit the presumption is that the funds advanced by Mrs. Meyer were her separate funds and that when they were repaid out of the funds borrowed the proceeds were her separate estate.

There is absolutely no evidence from which an inference can be drawn that the funds advanced by Mrs. Meyer were community property. The fact that the husband is manager of the community, but as the record shows Mrs. Meyer made the advances, which she could legally do on her own only if the money was a part of her separate estate, raises the presumption that the funds advanced were a part of her separate estate. Watson, Independent Executrix v. Beatty, Administrator, 370 S.W.2d 790 (CCA), ref., n. r. e. The appellant's own pleading, affidavit and exhibits show that the payments out of the funds obtained by the loan were in repayment of advances made by her. These funds would also be a part of her separate estate.

We think, admitting the allegations of appellant's petition and affidavit, that as a matter of law no benefit to the community is shown that would entitle appellant to any off-set or discount.

There was no error in overruling the motion for new trial. Insofar as newly discovered evidence is alleged, the contents of the petition of Mrs. Meyer to have her disability of coverture removed are such as to show that she had a vast separate estate.

This would but strengthen the presumption that her advances were from her separate estate. Even if she were authorized to engage in a joint venture after November 27, 1962, this could give no comfort to appellant because the record conclusively shows repayment to Mrs. Meyer out of funds borrowed by appellant and George B. Meyer II and not any earnings of a joint venture even if there was one.

Affirmed.

COLEMAN, J., not sitting.