In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00052-CV
_____

JEFFERSON COUNTY, TEXAS, Appellant

V.

KOURTNEY HADNOT, Appellee

On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E-206,357

**OPINION**

This is an interlocutory appeal from the denial of Jefferson County's Plea to the Jurisdiction. Appellee, Kourtney Hadnot, sued the County claiming personal injuries from a rear-end collision she alleged was caused by the negligence of Deputy Sheriff Brittney Nguyen who was operating a County vehicle in the course and scope of her employment. The County filed a Plea to the Jurisdiction asserting it was entitled to governmental immunity because Deputy Nguyen was on an emergency call and reacting to an emergency situation at the time of the accident. The trial court denied the County's plea, and the County filed this interlocutory appeal. In one issue

1

with several subparts, the County argues the trial court erred in denying its Plea to the Jurisdiction. We affirm in part and reverse and render in part.

*Governmental Immunity*

As a political subdivision of the state, Jefferson County is generally entitled to governmental immunity which shields the County from lawsuits for damages unless such immunity has been waived. *City of Cleveland v. LaFrance*, No. 09-20-00189-CV, 2022 Tex. App. LEXIS 3892, at *8 (Tex. App.—Beaumont, June 9, 2022, no pet.) (mem. op.); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (defining "governmental unit" to include counties). The Texas Tort Claims Act ("TTCA") contains a waiver of governmental immunity for certain claims falling within the statute's parameters. Tex. Civ. Prac. & Rem. Code Ann. § 101.001. Under the TTCA, a governmental unit, such as the County, is liable for personal injuries caused by the wrongful acts or omissions of a governmental employee acting in the scope of her employment if the injury arises from the operation of a motor vehicle, and the employee would be personally liable to the claimant under Texas law. *Id.* § 101.021(1)(A)(B). However, section 101.055(2) indicates the TTCA's waiver of immunity "does not apply to a claim arising [] from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in

2

the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others." *Id.* § 101.055(2). The County asserts section 101.055(2) applies in this case and that its immunity from Hadnot's claim has not been waived under the TTCA.

"Whether governmental immunity has been waived in a given case implicates subject-matter jurisdiction." *San Jacinto River Auth. v. City of Conroe*, 688 S.W.3d 124, 130 (Tex. 2024). "[I]mmunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999). "A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018).

*Standards of Review*

When a plea to the jurisdiction challenges the plaintiff's pleadings, the trial court is required to review the pleadings, construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and determine whether the plaintiff "has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the plaintiff has pleaded facts that affirmatively negate jurisdiction, the trial court may grant the governmental unit's plea to the jurisdiction without allowing the plaintiff an opportunity to amend. *Id.* at 227. However, if the pleadings merely fail

3

to allege facts sufficient to affirmatively demonstrate jurisdiction, "the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id.*; *see also Tex. Tech. Univ. Sys. v. Martinez*, 691 S.W.3d 415 (Tex. 2024).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider evidence, "even if the evidence implicates both subject-matter jurisdiction and the merits of a claim." *Alamo Heights*, 544 S.W.3d at 770-71. The standard when considering such a plea generally mirrors the standard for considering a traditional motion for summary judgment under Texas Rule of Civil Procedure 166a(c). *Miranda*, 133 S.W.3d at 228. The trial court reviews the evidence and determines whether a fact issue exists. *Id.* at 227. "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id.* at 227-28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.*

Here, the County's Plea to the Jurisdiction challenges both the sufficiency of Hadnot's pleadings and the existence of facts affirmatively establishing jurisdiction. The trial court denied the County's plea, and the County filed an interlocutory appeal pursuant to Texas Civil Practice and Remedies Code section 51.014(a)(8). "Subject matter jurisdiction is a question of law. As a result, an appellate court conducts a *de*

*novo* review of a trial court's ruling on a plea to the jurisdiction." *City of Cleveland*, 2022 Tex. App. LEXIS 3892, at *16; *Miranda*, 133 S.W.3d at 226. Because the County's jurisdictional plea challenges the sufficiency of the pleadings, we must review Hadnot's pleadings to determine whether they affirmatively plead facts which, if true, invoke the court's jurisdiction. *City of Cleveland*, 2022 Tex. App. LEXIS 3892, at *16-20. And, because the County's plea also challenges the existence of jurisdictional facts, we must also review the evidence, and our review mirrors that of our review of a trial court's determination of a motion for summary judgment: "all the evidence is reviewed in the light most favorable to the plaintiff to determine whether a genuine issue of material fact exists." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). "[W]e take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor." *City of Cleveland*, 2022 Tex. App. LEXIS, at *18 (citing *Alamo Heights*, 544 S.W.3d at 771); *Miranda*, 133 S.W.3d at 228; *see also City of San Antonio v. Maspero*, 640 S.W.3d 523, 528-29 (Tex. 2022). "However, we cannot disregard evidence necessary to show context or evidence and inferences unfavorable to the nonmovant if reasonable jurors could not do so." *Id.*

*The County's Challenge to the Sufficiency of Hadnot's Pleadings*

In the first subpart of the County's only issue on appeal, the County asserts the trial court erred in denying its Plea to the Jurisdiction because Hadnot's live

5

pleading fails to allege facts negating the County's assertion that section 101.055(2) applies in this case. A plaintiff suing a governmental unit has the burden to plead facts that, if true, "affirmatively demonstrate that governmental immunity has been waived and the trial court has subject matter jurisdiction." *Wolf v. City of Port Arthur,* No. 09-20-00236-CV, 2022 Tex. App. LEXIS 3897, at *4 (Tex. App.–Beaumont, June 9, 2022, pet. denied) (mem. op.); s*ee also Matzen v. McLane,* 659 S.W.3d 381, 388 (Tex. 2021). "As a general matter, a plaintiff initially discharges this burden by alleging facts that bring a claim within the waiver. But being 'within' the waiver entails *both*…satisfying the provisions that clearly and affirmatively waive immunity *and* negating any provisions that create exceptions to, and thus withdraw, that waiver." *Rattray v. City of Brownsville*, 662 S.W.3d 860, 867 (Tex. 2023) (emphasis in original).

In her Original Petition, Hadnot alleges section 101.021[1] waives the County's immunity for her claim, because "Nguyen's negligent operation of a County owned

---

[1]Section 101.021 provides:

A governmental unit in the state is liable for:
    (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

        (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

motor vehicle, while in the course and scope of her employment with the County, caused [Hadnot's] personal injuries." The petition alleges Deputy Nguyen failed to control her speed, failed to keep a proper lookout, failed to pay proper attention, failed to timely apply her brakes and failed to maintain a clear and reasonable distance between the County's vehicle and Hadnot's, and that the County is liable for Deputy Nguyen's alleged negligence. The petition also alleges, "The collision occurred because of the recklessness and carelessness of Nguyen, causing severe and permanent injuries to [Hadnot]." The petition does not allege any facts indicating whether or not Deputy Nguyen was responding to an emergency call or reacting to an emergency situation.

In its Second Amended Original Answer, the County alleges "the County retain[s] its governmental immunity[,]" because "Deputy Nguyen was responding to an emergency situation of a reckless driver driving on the wrong side of the roadway."[2] It further alleges,

---

> (B) the employee would be personally liable to the claimant according to Texas law[.]

Tex. Civ. Prac. & Rem. Code Ann. § 101.021.

[2]Section 101.055 provides:

This chapter does not apply to a claim arising:
. . .

7

At the time of the incident that forms the basis of Plaintiff's suit, Deputy Nguyen was responding to an emergency call. An emergency call had been put out over the Jefferson County Sheriff's Department's ("JCSO") radio system. Soon after the emergency call came into the JCSO's Dispatch Department, Deputy Nguyen got in her JCSO issued squad vehicle to go to the Jefferson County Sheriff's Office to begin her shift. Once in squad vehicle, she checked in with Dispatch to notify them that she was in her vehicle and available for duty. At that time Deputy Nguyen was notified that a driver of a silver in color, Dodge Ram pickup truck was driving recklessly. Deputy Nguyen was notified that the Dodge Ram pickup truck might be in the area of the City of Beaumont where Deputy Nguyen was then located. Deputy Nguyen then went into service and began looking for the Dodge Ram pickup truck. While responding to foregoing emergency call, the incident in question occurred.

On appeal, the County relies on *Maspero* and *Rattray* and argues that the trial court lacks jurisdiction, not because Hadnot's petition was insufficient at the time it was filed, but because Hadnot failed to amend her petition to "expressly negate" the County's allegations that Deputy Nguyen was responding to an emergency call or reacting to an emergency situation. However, as the Texas Supreme Court instructed in *Rattray*, "Plaintiffs [] need only expressly negate those exceptions that their allegations plausibly implicate, which will depend on the nature of the dispute." *Id*.

---

(2) from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others[.]

Tex. Civ. Prac. & Rem. Code Ann. § 101.055.

Nothing in Hadnot's live pleading plausibly implicates the applicability of either of the emergency exceptions contained in section 101.055(2).

When the County filed its pleading alleging facts which could make section 101.055(2)'s emergency exceptions applicable, Hadnot was not required to deny the County's allegations, because they were already regarded as denied pursuant to Texas Rule of Civil Procedure 82.[3] The effect of Rule 82 is to furnish Hadnot with a general denial sufficient to join issue on the County's allegations. *Wing v. Hous. Nat'l Bank*, 413 S.W.2d 843, 845 (Tex. Civ. App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.); *see also generally Unifund CCR Partners v. Watson*, 337 S.W.3d 922, 925 (Tex. App.—Amarillo 2011, no pet.). We decline to hold that Hadnot was required to amend her live pleading to allege Deputy Nguyen *was not* responding to an emergency when Rule 82 requires us to regard Hadnot's live pleading as generally denying the County's allegation that Deputy Nguyen *was* responding to an emergency. Our standard of review requires us to construe Hadnot's pleadings liberally and to consider her intent. Hadnot's intent to deny the County's emergency allegations is made clear in her Response to Defendant Jefferson County's Plea to the Jurisdiction, wherein she repeatedly argues "Deputy Nguyen was NOT

---

[3]"The plaintiff need not deny any special matter of defense pleaded by the defendant, but the same shall be regarded as denied unless expressly admitted." Tex. R. Civ. P. 82.

9

responding to an emergency call or reacting to an emergency situation." But even if *Maspero* and *Rattray* could be interpreted as requiring Hadnot to amend her live pleading, her failure to do so would be a mere pleading defect, and the trial court would have been required to give her the opportunity to replead.[4] *Miranda*, 133 S.W.3d at 226-27.

Without citing Rule 82, our sister court has held that when a plaintiff's live pleading does not plausibly implicate the applicability of the emergency exceptions contained in section 101.055(2), the plaintiff has met its burden to plead jurisdictional facts, and neither *Maspero* nor *Rattray* requires the plaintiff to expressly deny the governmental unit's allegation that its employee was reacting to an emergency. *City of Hous. v. Cruz*, No. 01-22-00647-CV, 2023 Tex. App. LEXIS 9656, at *18-19 (Tex. App.—Houston [1st Dist.] Dec. 28, 2023, no pet.) (mem. op.). We agree to the extent that a general denial of the governmental unit's allegations allows "[b]oth sides [to] develop and introduce evidence to support their contentions." *Id.* at *22 (quoting *Rattray*, 662 S.W.3d at 868). However, to the extent a plaintiff wishes to go beyond a general denial and establish that section 101.055(2) is inapplicable either because the employee was not "in compliance with the laws

---

[4] We note that the County's Plea to the Jurisdiction was filed after the pleading deadline but before the dispositive motion deadline in the trial court's Docket Control Order, and Hadnot's Response to Defendant Jefferson County's Plea to the Jurisdiction includes a request for leave to amend.

and ordinances applicable to emergency action," or because the employee acted "with conscious indifference or reckless disregard for the safety of others," the plaintiff may need to affirmatively allege such facts, because a general denial may not support the admission of the additional evidence necessary to establish either of these exceptions. Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2).

Hadnot's live pleading does not assert Deputy Nguyen was violating laws or ordinances relating to emergencies, but it does assert the collision was caused by Deputy Nguyen's "recklessness and carelessness." However, even when construed liberally and looking to Hadnot's intent, the allegation of recklessness is conclusory, because Hadnot's petition does not allege any facts amounting to recklessness. "[R]ecklessness reflects more than a 'momentary judgment lapse' and instead 'requires a showing that the driver committed an act he knew or should have known posed a high degree of risk of serious injury.'" *Maspero*, 640 S.W.3d at 531 (quoting *Perez v. Webb County*, 511 S.W.3d 233, 236 (Tex. App.—San Antonio 2015, pet. denied)). Hadnot's conclusory allegation of "recklessness" does not suffice to meet her burden to plead facts sufficient to invoke the "reckless disregard" exception contained in section 101.055(2). *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 660 (Tex. 2007) ("[C]onclusory allegations of gross negligence are not sufficient to meet the standard imposed by the recreational use statute[.]"). However, Hadnot's conclusory allegation of "recklessness" is a mere pleading defect and

11

would not have justified the granting of the County's Plea to the Jurisdiction, even in part, without allowing Hadnot an opportunity to amend. *Miranda*, 133 S.W.3d at 226-27.

We overrule the County's challenge to Hadnot's pleadings.

*The County's Challenge to the Existence of Jurisdictional Facts*

The County's Plea to the Jurisdiction argues, "The County has established, as a matter of law, that, at the time of the incident in question, Deputy Nguyen was on an emergency call and reacting to an emergency situation and, as such, the County has retained its immunity as to Plaintiff's claims." The exhibits attached to the County's plea include the Texas Peace Officer's Crash Report and transcripts of the depositions of Deputy Nguyen and Major Donta Miller, along with the exhibits attached to those transcripts. Hadnot filed a Response in which she argues, "Deputy Nguyen was NOT responding to an emergency call or reacting to an emergency situation," and "[b]ased on the evidence, a fact issue exists as to whether Deputy Nguyen's operation of the vehicle was reckless, as alleged in Plaintiffs Petition." Attached to Hadnot's Response are the Crash Report and Deputy Nguyen's deposition transcript and exhibits. Neither party objected to the other party's evidence.

Deputy Nguyen was scheduled to work the night shift beginning at 6:00 p.m on January 2. Earlier that day, Deputy Nguyen was off-duty and at an apartment

12

complex on Major Drive that is not far from the intersection of Major Drive and State Highway 105 where the collision occurred. In her deposition, Deputy Nguyen explained that she had a police radio on her belt which allowed her to overhear radio traffic between the dispatcher and other officers, and the dispatcher reported that someone had called in and reported seeing a reckless driver on the wrong side of the roadway, eastbound on SH 105. When Deputy Nguyen left the parking lot of the apartment complex, she called the police dispatcher and informed the Sheriff's Office that she was "calling in to service." In a statement Deputy Nguyen provided the Sheriff's Office the day the collision occurred, she stated, in part:

> I was en-route to the intersection of Major Drive/Hwy 105 in the City of Beaumont to assist other units attempting to locate a reckless driver driving on the wrong side of the roadway. I was at a complete stop in the right[-]hand turn lane of traffic on Major Dr., when I observed a vehicle matching the description of the reckless driver to my left. I looked forward due to traffic moving and took my foot off the brakes. ... The vehicle [in front of me] proceeded to move forward but braked. I did not see the driver of the vehicle hit her brakes due to the heavy rainfall. My unit struck the rear of the [vehicle I was behind].

According to Nguyen's deposition testimony, she knew when she left the apartment complex that Deputy Brenda Mosby had been dispatched to investigate the citizen's report and that State Trooper Kimberly Ousman was also involved in responding to the report. However, Deputy Nguyen explained that since she was in the general area where the reckless driver had been reported to have been, she

reported that she was "en route" to be there as a "backup" because she knew "Deputy Mosby was still a little ways out."

Deputy Nguyen testified that she considered the dispatcher's call to have been an emergency call, and she was responding because she had called into service and had a duty to act. She further explained that once she called that she was "en route," she was "technically dispatched" to the call, although dispatch did not tell her to respond. Deputy Nguyen agreed that she did not speed down Major Drive to get to Highway 105, nor did she activate the siren or emergency lights on her squad car to engage in the search for the reckless driver. Deputy Nguyen explained that when she arrived at the intersection of Major Drive and SH 105, she had planned to turn right and pull onto the shoulder to try to intercept the reckless driver if it continued eastbound on SH 105. According to Deputy Nguyen,

> I'm at a complete stop on Major Drive in the turn lane. I am at a complete stop, and I see a vehicle matching the description turning southbound on Major Drive from 105. As I see that, I turn my head back around to see if traffic is clear, and Ms. Hadnot had moved; she started moving her vehicle, so I take my foot off the brake to make sure it's clear so I could go. And while I'm doing that, because I'm not looking in front of me because I assume she already completely went, I'm about to go because traffic is clear. I didn't see her hit her brakes, so therefore I tapped the back end of her vehicle.

Deputy Nguyen conceded the potentially matching vehicle was not weaving or giving any indication of inattentiveness or impairment, but she also testified that had the accident not occurred, she would have turned around and followed the vehicle to

14

see whether there were any indications of reckless driving. Deputy Nguyen did not tell dispatch about seeing the potentially matching vehicle at the intersection "because we don't have to call in everything right at the second we see it[,]" and she testified she could not recall if she told Trooper Ousman or Deputy Mosby after the accident, because at that point, the vehicle was "long gone."

According to the Crash Report prepared by State Trooper Ousman, Hadnot's vehicle "was sitting stationary on Major Drive facing northeast attempting to turn right onto SH-105." Deputy Nguyen was operating "a police car[,] in the course of [her] patrol duties[,]…traveling northeast on Major Drive behind [Hadnot's vehicle]." Deputy Nguyen "failed to control [her] speed and struck" Hadnot's vehicle from behind. The Crash Report form contains a section allowing the investigating officer to check a box and provide an explanation if the accident involves a police, fire or EMS vehicle "on emergency." Trooper Ousman did not check the box or provide an explanation, and although her narrative mentions the fact Deputy Nguyen was on duty, it does not indicate she was responding to an emergency call or reacting to an emergency situation.

One of the exhibits attached to Deputy Nguyen's deposition was Jefferson County Sheriff's Office's Communications Event Report which indicates the dispatcher assigned "Priority: 4" to the citizen's report of the reckless driver. Deputy Nguyen agreed there are four priority levels, and Priority 4 is the lowest level.

15

According to Deputy Nguyen, cattle on the side of the road is another example of a Priority 4 event. Deputy Nguyen agreed that a Priority 4 event, whether it be a reckless driver or cattle on the road or on the side of the road, is not a situation requiring immediate police presence. On the other hand, Deputy Nguyen explained that the priority level assigned by the dispatcher is not communicated to the deputies in the field.

After the collision occurred, Deputy Nguyen and Hadnot drove their vehicles to a gas station near the intersection so they would be off the roadway. The evidence before the trial court indicates that law enforcement never located the reckless driver or the vehicle.

Major Donta Miller, with the Jefferson County Sheriff's Office, testified by deposition in response to a notice requesting that Jefferson County designate a corporate representative to testify about its policies, procedures, guidelines, rules, directives, and requirements about emergencies, including those involving a county employee like Deputy Nguyen. Major Miller testified, "The reckless driver was an emergency situation." She also testified that it was the County's position that Deputy Nguyen was responding to an emergency call, because "[s]he got a call to a reckless driver. That call -- a car going down the wrong side of the road [is] deemed an emergency." Major Miller explained, "Deputy Nguyen deemed that it was an emergency call when she heard it come on her radio." According to Major Miller,

"We have to try to get this car located" because a car on the wrong side of the road can cause "death and destruction."

The TTCA does not define "emergency call" nor "emergency situation." *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.001. Yet courts, including this Court, have interpreted the terms broadly. *See City of San Antonio v. Hartman*, 201 S.W.3d 667, 672-73 (Tex. 2006); *City of San Antonio v. Smith*, 562 S.W.3d 75, 82 (Tex. App.—San Antonio 2018, pet. denied); *Quested v. City of Houston*, 440 S.W.3d 275, 284-85 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Jefferson Cnty. v. Hudson*, No. 09-11-00168-CV, 2011 Tex. App. LEXIS 6986, at *9 (Tex. App.—Beaumont Aug. 25, 2011, no pet.) (mem. op.). For instance, in *Hudson*, we explained that as commonly used, the term "emergency" "refers to unforeseen circumstances that call for immediate action[,]" and we accepted that as the probable meaning for the term. *Hudson*, 2011 Tex. App. LEXIS 6986, at *9. According to the Texas Supreme Court, the TTCA's emergency exception should be interpreted broadly to avoid excluding "emergencies the Legislature might have intended to include." *Hartman*, 201 S.W.3d at 673.

There is some evidence from which a jury could find that Deputy Nguyen was responding to an emergency call or reacting to an emergency situation. Deputy Nguyen and Major Miller both testified as much and explained the rationale for the County's position. However, there is also evidence from which a factfinder could

17

reasonably infer that Deputy Nguyen was not responding or reacting to an emergency at the time of the collision. Neither the Crash Report nor Deputy Nguyen's contemporaneous description of the incident indicate that Deputy Nguyen was responding to an emergency. *See City of Hous. v. Gonzales*, 682 S.W.3d 921, 928 (Tex. App.—Houston [14th Dist.] 2024, no pet.) ("[t]he crash report is one of two contemporaneous documents that addressed whether [the officer] was responding to an emergency, and as this court is not the fact-finder, we cannot simply disregard evidence that the trial court could have credited[]").

The evidence available to the trial court also includes the facts that the dispatcher did not specifically assign Deputy Nguyen to respond to the citizen's report of the reckless driver, and that Deputy Nguyen knew that Deputy Mosby and Trooper Ousman were already involved before Deputy Nguyen advised the dispatcher that she was "en route." Although the dispatcher did not communicate to the deputies in the field that the citizen's report had been classified as a Priority 4 call, Deputy Nguyen conceded that Priority 4 is the lowest level of priority and does not require an immediate police presence.

Deputy Nguyen testified that she did not exceed the speed limit after she left the apartment complex on Major Drive on her way to the intersection of Major Drive and SH 105, and she did not activate the siren nor the emergency lights on her squad car. *See Collins v. City of Houston*, No. 14-13-00533-CV, 2014 Tex. App. LEXIS

18

7239, at *17-20 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (mem. op.) (an issue of material fact existed as to whether a law enforcement officer was responding to an emergency where the evidence showed dispatch did not designate the 911 call in question as an emergency, and the officer did not activate the siren on his police vehicle while responding to the 911 call). According to Deputy Nguyen, she saw a vehicle possibly matching the description of the one being driven recklessly, and while she was looking for somewhere to turn around so she could follow the vehicle, she took her foot off the brake and her vehicle struck the back of Hadnot's vehicle. But Deputy Nguyen testified the potentially matching vehicle was not weaving, and she did not see anything to indicate it was being driven by an inattentive or impaired driver, and she could not recall informing the dispatcher, Deputy Mosby, or Trooper Ousman about having seen the potentially matching vehicle.

We agree with the trial court's implicit conclusion that the evidence creates a genuine issue of material fact with respect to whether Deputy Nguyen was responding to an emergency call and whether she was reacting to an emergency situation. However, there is no genuine issue of material fact with respect to whether Deputy Nguyen was driving with reckless disregard for the safety of others. As the Texas Supreme Court has explained,

> driving with reckless disregard involves more than a momentary judgment lapse. It requires a willful or wanton disregard for the safety of persons or property, exhibiting conscious indifference while having subjective awareness of an extreme risk. In other words, to drive with

19

reckless disregard, the driver must commit an act he knew or should have known posed a high degree of risk of serious injury to others.

*City of Hous. v. Green,* 672 S.W.3d 27, 30 (Tex. 2023) (internal quotations omitted).

Hadnot argues that if Deputy Nguyen was responding to an emergency she did so recklessly because she "knew the Hadnot vehicle was in front of her before she rear ended it." Hadnot cites excerpts from Deputy Nguyen's deposition where she acknowledged the presence of Hadnot's vehicle in front of her while she was stopped in the turn lane from Major Drive onto SH 105. But Hadnot did not produce any evidence Deputy Nguyen knew Hadnot's vehicle was still stopped in front of her when she began to move forward. To the contrary, the evidence indicates Deputy Nguyen saw Hadnot's vehicle begin to move forward before Deputy Nguyen looked over her shoulder, and assumed, albeit mistakenly, that Hadnot "already completely went." Deputy Nguyen testified as follows:

> [W]e were both at a stop, and I saw Hadnot start moving forward once traffic was clear for her to move. I put my foot off the brake, and I looked over the left of my shoulder to make sure traffic was clear for me to drive as well. And while doing so, she most -- she hit her brakes again, and I tapped her as we were making that curve in the yield sign.

Evidence that Deputy Nguyen looked over her shoulder in an attempt to avoid colliding with other vehicles does not support an inference that she did not care about the safety of others. *See Maspero*, 640 S.W.3d at 532 (evidence that officer slowed down at intersections during high-speed chase "demonstrated intent to minimize potential harm[]" and did "not raise the inference" of reckless disregard). Deputy

20

Nguyen's decision to take her foot off the brake and look over her shoulder upon seeing Hadnot's vehicle moving forward may or may not support an inference that she failed to act as a person of ordinary prudence under the same or similar circumstances, but Hadnot did not provide the trial court any evidence that Deputy Nguyen's doing so posed a high degree of risk of serious injury, nor that Deputy Nguyen knew or should have known that it did. Even viewing the evidence in the light most favorable to Hadnot and indulging all inferences in her favor, there is no evidence Nguyen acted with reckless disregard.

Because the evidence does not permit a factfinder to decide that Deputy Nguyen responded to an emergency by driving with reckless disregard for the safety of others, Hadnot failed to affirmatively establish the trial court's jurisdiction over that part of her claim. We sustain the last subpart of the County's sole issue. But because the evidence creates a genuine issue of material fact with respect to whether Deputy Nguyen was responding to an emergency call and whether she was reacting to an emergency situation, Hadnot has met her jurisdictional burden with respect to the remainder of her claim, and we overrule the other subparts of the County's sole issue.

## Conclusion

We reverse, in part, and render judgment dismissing Hadnot's claim only to the extent it is based on reckless disregard. In all other respects, the trial court's order denying the County's Plea to the Jurisdiction is affirmed.

AFFIRMED IN PART; REVERSED AND RENDERED IN PART.

KENT CHAMBERS
Justice

Submitted on August 21, 2023
Opinion Delivered August 29, 2024

Before Golemon, C.J., Johnson and Chambers, JJ.